(55 Misc. Rep. 257)

### LAURENCE v. STANLEY HOD ELEVATOR CO.

(Supreme Court, Appellate Term. June 27, 1907.)

NEGLIGENCE—FALLING BRICK—LEASED MACHINERY—LIABILITY FOR INJURY. —EVIDENCE—SUFFICIENCY.

That an elevator used in hoisting brick was operated by the owner's employé did not make the owner liable for injury caused by material falling therefrom, where it had been rented to another and installed under his foreman's direction, the brick was loaded and taken from the elevator by the other person's employés, and the injury might have resulted from their negligence, or some other cause for which defendant was not responsible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 271–273.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Benjamin Laurence against the Stanley Hod Elevator Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Eustis & Foster (John E. Eustis, of counsel), for appellant.
Frank A. Acer (C. A. Molloy, of counsel), for respondent.

SEABURY, J. This action is to recover damages for injuries sustained through the alleged negligence of the defendant. The plaintiff was struck by a brick, which fell from a hod elevator which was carrying bricks to one of the upper tiers of a building then in course of construction. The evidence showed that the machinery, elevator, and a set of hods were rented by the defendant to one Goldstein at $13 per day for every day it worked, including engineer and coal. The hoisting apparatus was installed under the direction of Goldstein's foreman, who gave the engineer instructions in regard to the hoisting of brick and materials. The materials were loaded upon and taken from the elevator by employés of Goldstein. The only employé of the defendant engaged upon the work was the engineer. The duty of the engineer in connection with the work was to get up steam in the morning and await orders from the contractor. When the employés of the contractor gave a signal of one bell, he would start the engine, and the elevator would go up, in which position he would keep the elevator until he got another signal from an employé of the contractor, in response to which he would lower the elevator.

The facts above recited were fully established upon the trial. The evidence did not clearly show that the brick which hit the plaintiff fell from the elevator. The mere fact that the elevator was operated by an employé of the defendant and that the defendant owned the elevator is not sufficient to charge the defendant with liability for any injury that occurred from material falling from the elevator. The brick might have fallen because the elevator was carelessly loaded, or because the signal to the engineer was carelessly given, or from a variety of other causes, for none of which the defendant would be responsible. To hold that the brick which struck the plaintiff fell because of the negligence of the engineer would require us to indulge in speculation which would be wholly unwarranted. There was no evidence to show that the engineer was not competent to do the work required of him, or that he was guilty of any negligence whatever.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.